Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & MURPHY, P.C.
2812 First Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098
Telephone: (406) 252-5500
Facsimile: (406) 252-4613
Email:    cmatovich@mkmfirm.com
          khuso@mkmfirm.com

*Attorneys for Natalia Potanina*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| In Re the Application of NATALIA POTANINA<br><br>For an Order to Take Discovery<br><br>Pursuant to 28 U.S.C. § 1782(a) | Cause No. MCV-14-01-BLG-CSO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF NATALIA POTANINA'S APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782** |

This Memorandum of Law is submitted on behalf of Applicant Natalia Potanina in support of her Application for discovery pursuant to 28 U.S.C. § 1782 from Stillwater Mining Company ("Stillwater"), a corporation that is based in the District of Montana.

## I. FACTUAL BACKGROUND

Mrs. Potanina and her husband, Vladmir Potanin, were married in Russia on March 15, 1983. They have two adult children and one minor child. For the first seven years of their marriage, they and their two oldest children lived with Mrs. Potanina's parents. In 1990, Mr. Potanin founded the Interros Company ("Interros"), which provided services in financial consulting and support of foreign trade operations. Both Mr. Potanin and Mrs. Potanina have economics degrees, and Mrs. Potanina was employed by several Interros subsidiary companies in various capacities throughout the 1990's and 2000's.

Mr. Potanin is now one of the ten richest men in Russia, and his net worth is estimated to exceed fourteen billion dollars ($14,000,000,000.00). *See* the attached Declaration of Natalia Potanina (the "Potanina Decl.") at ¶ 5 and Exh. A.[1] The entire fortune accumulated by the Potanins, including Interros, and all of its assets and holdings, is marital property under Russian law. *See* the attached Declaration of Larisa Ryabchenko (the "Ryabchenko Decl.") at ¶ 9.[2] According to Chapter 7, Article 34 of the Family Code of the Russian Federation, all assets acquired by the spouses during marriage (including the earnings of each of the spouses and

---

[1] The Declaration of Natalia Potanina and exhibits referenced therein are attached to this Memorandum of Law as **Exhibit 1**.

[2] The Declaration of Larisa Ryabchenko and exhibits referenced therein are attached to this Memorandum of Law as **Exhibit 2**.

movable and immovable assets, securities, shares, contributions, and other assets acquired during the marriage, irrespective of in whose name the assets have been acquired or in whose name the money has been deposited) are community marital property. *Id.*

On November 21, 2013, Mr. Potanin filed an action for divorce in Presnensky District Magistrate Court in Moscow, Russia (the "Moscow Court"). As part of his filing, Mr. Potanin incorrectly asserted that there was no dispute between him and Mrs. Potanina concerning the division of marital property. To the contrary, Mrs. Potanina is seeking her rightful share of the marital property, and Mr. Potanin has informed her that he will make certain that she will get nothing. Potanina Decl. ¶¶ 15-16. On December 25, 2013, Mrs. Potanina's Russian attorney informed the Moscow Court that Mrs. Potanina contests the divorce application and clarified that there is no agreement regarding the division of marital property. *Id.* at ¶ 21.

Mr. Potanin is the sole owner of Interros, which is one of the largest private investment companies in Russia. *Id.* at ¶ 22. Mrs. Potanina held various positions in Interros companies throughout the 1990's and 2000's, but since 2007, Mr. Potanin has been withholding from her information concerning his business dealings. *Id.* at ¶¶ 11-12. Although Mr. Potanin and Interros own companies, assets and investments across the globe, including substantial assets in the United

States, on November 17, 2013, Mr. Potanin told Mrs. Potanina that she will never be able to prove that he has any assets. *Id.* at ¶ 16, 23. Mrs. Potanina believes that Mr. Potanin will continue to claim that he possesses no assets, and discovery available in the United States will show otherwise. *Id.* at ¶¶ 23-24.

The subpoena proposed by the instant application seeks a deposition and production of documents from Stillwater, which is expected to have knowledge, documents, and information regarding, among other things, the current or former locations of (and amounts of) Interros and Potanin assets. Mrs. Potanina seeks this subpoena for the purpose of obtaining evidence for potential use in the Russian court proceeding. Mrs. Potanina has filed similar applications in the Southern and Eastern Districts of New York, regarding information held by other entities and individuals, and those courts have granted those applications. See copies of the S.D.N.Y. and E.D.N.Y. orders attached hereto as **Exhibit 3**.

## II. ARGUMENT AND AUTHORITIES

### A. Mrs. Potanina's Application Satisfies Section 1782's Statutory Requirements.

Under 28 U.S.C. § 1782, this Court may authorize the requested subpoena. Specifically, § 1782 provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international

tribunal." This discovery may be ordered pursuant to "the application of any interested person."

Section 1782(a) was construed by the U.S. Supreme Court in *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241 (2004), and has been applied in the Ninth Circuit as follows:

A district court is authorized to grant a § 1782 request where:

(1) the person from whom discovery is sought resides in the district of the district court to which the application is made,

(2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by either a foreign or international tribunal or an interested party.

*In re Mak*, No. C 12-80118, 2012 WL 1965896 *1 (N.D. Cal. May 21, 2012).

Mrs. Potanina's Application meets all of these threshold requirements. More specifically:

(1) Stillwater's corporate office is located in Billings, Montana. See excerpts from Stillwater Mining Company Form 10-K filed on February 27, 2013, attached hereto as **Exhibit 4**.

(2) The evidence is for use in a foreign tribunal, *i.e.*, the divorce proceedings currently underway in the Moscow Court.

(3) Mrs. Potanina, who has been sued for divorce in the Moscow Court, is an "interested person."

## B. This Court Should Exercise Its Discretion to Grant Mrs. Potanina's Application.

Once a 28 U.S.C. § 1782(a) application satisfies the statutory requirements, the Court has discretion to grant discovery. The district court's application of Section 1782 to the facts is reviewed for abuse of discretion, and questions of statutory interpretation are subject to de novo review. *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664 (9th Cir. 2002), *aff'd* 542 U.S. 241. The statute has been broadened by Congress several times over the last century, in the hope "'that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.'" *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (2011) (quoting legislative history).

The factors that "bear consideration in ruling on a Section 1782(a) request" are:

(1) when the discovery respondents are non-parties to the foreign proceeding, the need for aid is more apparent;

(2) the Court may take into account the nature of the foreign tribunal and proceedings, and the foreign receptivity to U.S. judicial assistance;

(3) the Court can consider whether the request conceals an attempt to circumvent foreign restrictions or policies; and

(4) the Court may reject or trim unduly intrusive or burdensome requests.

634 F.3d at 563, citing *Intel*, 542 U.S. at 264-65.

In light of the policies underlying 28 U.S.C. § 1782(a), each of the above factors weighs in favor of granting Mrs. Potanina's Application:

- Factor No. 1: Stillwater is not a party to the proceeding in the Moscow Court. Because the Moscow Court does not have jurisdiction to order discovery from companies and individuals located in the United States, *see* Ryabchenko Decl. ¶ 10, the need for this Court's aid in providing the discovery is more apparent. *Id.*

- Factor No. 2: A key fact for the foreign proceedings is the amount of marital assets to be distributed, and that fact is disputed by Mr. Potanin and Mrs. Potanina. *See Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.*, No. C 08-80142 Misc., 2009 WL 290459 at **2-3 (N.D. Cal. Feb. 5, 2009) (granting discovery relating to assets at issue in divorce proceeding). It is critical under Russian law to know the full scope of Mr. Potanin's holdings and the size of the marital estate, and the Moscow Court would be receptive to U.S. federal-court judicial assistance in obtaining evidence. Ryabchenko Decl. ¶¶ 9, 11. Beyond this threshold information, the Supreme Court's *Intel* decision makes clear that § 1782 does not contain a "threshold requirement that evidence sought from a federal district court would be

discoverable under the law governing the foreign proceeding." *Intel*, 542 U.S. at 247.

- Factor No. 3: Mrs. Potanina's Application is not an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States. Indeed, in her Declaration, Ms. Ryabchenko states that she knows of no law, rule, or other policy in Russia that would preclude the United States proof-gathering sought in Mrs. Potanina's application under 28 U.S.C. § 1782(a). Ryabchenko Decl. ¶ 12. Likewise, there should be no concern that granting this Application would in any way circumvent the policies of the United States. Because Stillwater has its principal place of business in the District of Montana, the best way to obtain evidence from it is to proceed under 28 U.S.C. § 1782. This is precisely the type of situation contemplated by § 1782.

- Factor No. 4: Mrs. Potanina's request for discovery is not unduly intrusive or burdensome. As shown in the draft Subpoena attached as Exhibit B to the Application, the proposed discovery would be restricted to information available in the United States regarding Mr. Potanin's and Interros' assets and business dealings since 2007, when Mr. Potanin began withholding from Mrs. Potanina information concerning his business dealings. *See Kwong Mei Lan Mirana* 2009 WL 290459 at **2-3, (ordering discovery dating back

to 2002 regarding ownership and value of the assets at issue in divorce proceeding, and ordering discovery dating back to 1998 regarding ownership of those assets).

Stillwater is expected to have documents or information regarding the current or former locations of (and amounts of) Interros and Potanin assets, and regarding Mr. Potanin's actions with regard to these assets. Stillwater is a Montana-based corporation. According to Stillwater's most recent 10-K filed on February 27, 2013, about 55% of Stillwater was owned by Norilsk Nickel between 2003 and 2010, and as of the date of that 10-K, a Norilsk affiliate still held $80 million of senior convertible debentures in Stillwater. See **Exhibit 4**. Norilsk Nickel Group is one of the "key projects of" Interros and the General Director of the Norilsk Nickel Group is Vladmir Potanin. Potanina Decl., ¶ 22 and Exh. C. Stillwater is expected to have documents and information regarding the assets held by Norilsk entities in Stillwater, the former and current extent of Potanin's and Interros' investments in Stillwater and the changes to the extent, value, and location of these assets or investments.

In addition, Mrs. Potanina is willing to enter into a reasonable confidentiality agreement, upon the request of Stillwater, restricting the use of the subpoenaed information to the Potanin divorce proceedings.

The goals of § 1782 support this Court's exercise of its discretion to provide efficient assistance to Mrs. Potanina, to deter misuse of United States entities to manipulate and conceal foreign assets, and to encourage foreign countries to provide similar assistance and to deter concealment of U.S. assets abroad.

## III. CONCLUSION

Because Mrs. Potanina's Application satisfies Section 1782's mandatory requirements and because the *Intel* discretionary factors also favor Mrs. Potanina's Application, Mrs. Potanina respectfully requests that this Court exercise its discretion in granting the Application and allowing the issuance and service of a subpoena. As stated in the Proposed Order, Stillwater will have an opportunity to challenge the order and subpoena by making motions to vacate the order and to quash the subpoena, in whole or in part.

DATED this 12th day of February, 2014.

**MATOVICH, KELLER & MURPHY, P.C.**

By: *Katherine S. Huso*
Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & MURPHY, P.C.
2812 First Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098
Telephone: (406) 252-5500

*Attorneys for Natalia Potanina*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12<u>th</u> day of February, 2014, a copy of the foregoing was served on the following persons by the following means:

|        | CM/ECF       |        | Fax                        |
|--------|--------------|--------|----------------------------|
| 1, 2   | Hand Deliver |        | E-Mail                     |
|        | Mail         |        | Overnight Delivery services |

1. **Clerk, U.S. District Court**

2. **U.S. District Court Judge**

MATOVICH, KELLER & MURPHY, P.C.

By: /s/ Katherine S. Huso
Carey E. Matovich
Katherine S. Huso
MATOVICH, KELLER & MURPHY, P.C.

*Attorneys for Natalia Potanina*
