Jason S. Ritchie
Michael P. Manning
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
jritchie@hollandhart.com
mpmanning@hollandhart.com

Steven S. Michaels
Yeugenia Shvets
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel.: (212) 909-7265
Fax: (212) 909-6836
ssmichaels@debevoise.com
jshvets@debevoise.com

*Counsel for Stillwater Mining Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| In re the Application of NATALIA POTANINA,<br><br>For an Order to Take Discovery<br><br>Pursuant to 28 U.S.C. § 1782(a) | No. CV-14-19-BLG-SPW<br><br>SUPPLEMENTAL DECLARATION OF PROFESSOR OLGA A. DYUZHEVA |

1

EXHIBIT A

## SUPPLEMENTAL DECLARATION OF PROFESSOR OLGA A. DYUZHEVA

I, Olga A. Dyuzheva, declare under penalty of perjury the following:

1. I submit this supplemental declaration in support of the motion filed by the Respondent in the above-captioned matter. My original declaration in this matter was filed with this Court on March 10, 2014. My credentials and *curriculum vitae* were submitted to the Court as part of that declaration.

2. I make this supplemental declaration on the basis of my knowledge of the Family Code of the Russian Federation, the Civil Procedure Code of the Russian Federation, and other relevant Russian laws and court practice. I also have reviewed the Decision of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow, Russia, dated February 25, 2014, Civil Case No. 2-02/2014, in the matter of the divorce between Vladimir Potanin and Natalia Potanina (the "Decision").

3. In the Decision, the Magistrate Judge held, in part, that "[i]t is found by the court and supported by case evidence that any marital and family relations between the parties have been discontinued since January 2007, as evidenced by the residential space lease agreements produced during the court hearing." Decision at 2. By making that ruling, the Magistrate Judge established as a fact that the matrimonial relationship between Mr. Potanin and Mrs. Potanina had

2

ceased in January 2007, which was of relevance to the Judge's decision to dissolve the marriage.

4. Pursuant to Article 61.2 of the Civil Procedure Code of the Russian Federation (the "CPC"), the facts established in the Decision, once the Decision enters into force, are binding upon all other courts adjudicating cases between the same parties. That is, the Magistrate Judge's factual determination that the Potanins' matrimonial relationship ceased in January 2007 is binding on all other Russian courts adjudicating claims between Mr. Potanin and Mrs. Potanina. Once the Decision enters into force, neither Mr. Potanin nor Mrs. Potanina would be able to challenge the Magistrate Judge's factual determination in any other Russian court proceeding between them, including in any Russian district courts that are or will be adjudicating division of assets claims between the Potanins.

5. Pursuant to Articles 209.1 and 321.2 of the CPC, the Decision will enter into force one month from the date of its issuance, unless an appeal is taken before that deadline. If an appeal from the Decision is taken, the appellate court may uphold the Decision, modify it by issuing a new ruling, or overrule it. If the appellate court upholds the Decision or issues a new ruling, the Decision or the new ruling will enter into force immediately upon its issuance.

\* \* \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12 day of March, 2014, in Moscow, Russia.

_____
Olga A. Dyuzheva

Jason S. Ritchie
Michael P. Manning
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
jritchie@hollandhart.com
mpmanning@hollandhart.com

Steven S. Michaels
Yeugenia Shvets
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel.: (212) 909-7265
Fax: (212) 909-6836
ssmichaels@debevoise.com
jshvets@debevoise.com

*Counsel for Stillwater Mining Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| In re the Application of NATALIA POTANINA, <br><br> For an Order to Take Discovery <br><br> Pursuant to 28 U.S.C. § 1782(a) | No. CV-14-19-BLG-SPW <br><br> DECLARATION OF YEUGENIA SHVETS |

1

## DECLARATION OF YEUGENIA SHVETS

Yeugenia Shvets, pursuant to 28 U.S.C. § 1746, declares:

1. I am a member of the bar of the State of New York, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District Court, and I am admitted *pro hac vice* before this Court. I am an associate at the law firm of Debevoise & Plimpton LLP, attorneys for Respondent Stillwater Mining Company (Stillwater) in the above-captioned action.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Russian language original and a certified translation of the February 25, 2014 Decision of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow, Russia. I have received this decision on March 10, 2014 in response to my email to Vladimir Potanin's Russian counsel, Marina Ivanova.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   March 12, 2014
         New York, New York

_____
Yeugenia Shvets

2

# EXHIBIT 1



**GEOTEXT**
Translations, Inc.

```
STATE OF NEW YORK       )
                        )
                        )   ss
                        )
COUNTY OF NEW YORK      )
```

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Russian into English of the attached Decision, dated February 25, 2014.

Ken Hetzel, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me this 10th day of March, 20 14.

LYNDA GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6205401
Qualified in New York County
My Commission Expires May 11, 2017

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. tel +1.212.631.7432 fax +1.212.631.7778
San Francisco  220 Montgomery Street Ste. 438, San Francisco CA 94104 U.S.A tel +1.415.576.9500 fax +1.415.520.0525
Washington  1025 Connecticut Avenue, Suite 1000, Washington, DC 20036, U.S.A. Tel +1.202.828.1267 Fax +1.202.828.1271
London  8-11 St. John's Lane, London EC1M 4BF, United Kingdom Tel +44.20.7553.4100 Fax+44.20.7990.9909
Paris  75 Boulevard Haussmann, F- 75008 Paris, France tel +33.1.42.68.51.47 fax +33.1.77.72.90.25
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong tel +852.2159.9143 fax +852.3010.0082
translations@geotext.com  |  www.geotext.com

**DECISION**
**In the Name of the Russian Federation**

February 25, 2014                                                                                                City of Moscow

      S. N. Kopchak, Magistrate Judge for Judicial District No. 418 of Presnenskiy District of the City of Moscow,
      with Y. V. Rusetskaya as Court Clerk and
      with the participation of M. A. Ivanova, Attorney for the Claimant,
      F. V. Ryabchenko, Representative of the Defendant, and
      N. I. Sapozhnikov, Representative of the Defendant,
      having examined, in a closed court hearing, Civil Case No. 2–02/2014 brought by Vladimir Olegovich Potanin against Nataliya Nikolayevna Potanina (known as Varlamova before her marriage) seeking to dissolve their marriage, and Nataliya Nikolayevna Potanina's counterclaim against Vladimir Olegovich Potanin seeking child support for their minor child, has

**FOUND:**

      V. O. Potanin filed his claim in court against N. N. Potanina seeking to dissolve their marriage and cited the following facts as the reasons for his claim: He married the Defendant on March 15, 1983 and has a minor child of this marriage, his son Vasiliy Vladimirovich Potanin, born in 1998. His conjugal relations with N. N. Potanina have been terminated; the parties no longer manage their household jointly; the parties live separately; and no further cohabitation or preservation of the family is possible.
      N. N. Potanina filed a counterclaim against V. O. Potanin seeking child support for her minor child, Vasiliy Vladimirovich Potanin, born on October 28, 1998, in the amount of ¼ of his earnings or other income.
      The parties did not appear in the courtroom and sent their representatives instead to attend the court hearing.
      During the court hearing, M. A. Ivanova, Attorney for the Claimant, affirmed her client's claims in full, asked the court to satisfy them, and admitted the counterclaim.
      During the court hearing, N. I. Sapozhnikov and F. V. Ryabchenko, Representatives of the Defendant, declined to admit the initially filed claims, asked the court to dismiss them, and affirmed the counterclaim in full.
      Having heard the participants of the proceedings and having examined the case evidence, the court believes that the claims should be satisfied for the following reasons:
      According to Article 1 (3) of the Family Code of the Russian Federation (hereinafter referred to as the "Family Code"), family relations shall be regulated in accordance with the principles of a voluntary marital union between a man and a woman.
      Pursuant to Article 21 (1) of the Family Code, marriage shall be dissolved by judicial process if the spouses have minor children in common.
      As follows from the case evidence and as established during the court hearing, the parties registered their marriage on March 15, 1983 at Palace of Marriages No. 3 of the Moscow Civil Registry Administration, and Record No. 1332 was made to this effect. The parties have three children of this marriage, and one of them, Vasiliy Vladimirovich Potanin, born on October 28, 1998, is a minor.
      According to the explanations given during the court hearing by M. A. Ivanova, Attorney for the Claimant for the initial claim, the family has actually fallen apart at this time; the parties no longer love or respect each other and have not lived together since January 2007, with the Claimant residing in the Village of Anosino, Istrinskiy District, Moscow Region and the Defendant residing at Osennyaya Street, Village of Nemchinovo, Odintsovo District, Moscow Region; they no longer manage their household jointly or maintain any conjugal relations; and N. N. Potanina's counterclaims seeking child support for her minor child have been admitted.
      N. I. Sapozhnikov and F. V. Ryabchenko, Representatives of the Defendant for the initial claim, objected against satisfying V. O. Potanin's claims by explaining that the family could indeed be preserved, since the parties have maintained registered marital relations for more than 30 years and spend their vacations together with their children, while V. O. Potanin pays for his spouse's medical treatment. They affirmed the

counterclaims seeking child support for the minor child and asked the court to satisfy them.

Under Article 22 of the Family Code, marriage shall be dissolved by judicial process if the court finds that no further cohabitation of the spouses or preservation of the family is possible.

When trying a marriage dissolution case, if one of the spouses does not agree to marriage dissolution, the court may take measures seeking to reconcile the spouses and is entitled to adjourn the trial by establishing a reconciliation period for the spouses not exceeding three months.

Marriage shall be dissolved if the measures seeking to reconcile the spouses prove ineffectual or if (either one of) the spouses insist that their marriage be dissolved.

It is found by the court and supported by case evidence that any marital and family relations between the parties have been discontinued since January 2007, as evidenced by the residential space lease agreements produced during the court hearing, while V. O. Potanin has filed a statement of claims at this time with the Presnenskiy District Court of the City of Moscow against N. N. Potanina seeking division of their marital property.

The parties have failed to reconcile during the two-month reconciliation period provided by the December 25, 2013 determination of the Magistrate Judge for Judicial District No. 418 of Presnenskiy District of the City of Moscow in response to a petition filed by N. I. Sapozhnikov, Representative of the Defendant.

As explained in Resolution No. 15 of the Plenary Session of the Russian Federation Supreme Court dated November 5, 1998, "On the Application of Laws by Courts Trying Marriage Dissolution Cases," if spouses fail to reconcile upon the expiration of a reconciliation period established by court and at least one of the spouses insists that their marriage be dissolved, the court shall dissolve their marriage.

These circumstances attest to the fact that the marriage has actually ended and the Claimant's reasons for insisting that his marriage be dissolved are justifiable while any further cohabitation or preservation of the family are impossible.

Since marriage must be maintained by each of the spouses of his or her own free will, which is absent in this particular case, the claim should be satisfied and the marriage between the Claimant and the Defendant should be dissolved.

The court has examined Claimant N. N. Potanina's counterclaims against V. O. Potanin seeking child support for a minor child and has come to the following conclusion.

As follows from the case evidence, the parties have a minor child of this marriage, Vasiliy Vladimirovich Potanin, born in 1998, who currently lives with his mother, N. N. Potanina.

The duty of parents to support their minor children is determined by Article 80 of the Family Code of the Russian Federation. Pursuant to Article 81 of the Family Code, the amount of child support that can be recovered by judicial process for supporting a single child shall equal ¼ of the parents' earnings and/or other income.

In accordance with Article 39 of the Civil Procedure Code of the Russian Federation (hereinafter referred to as the "Civil Procedure Code"), a defendant may admit a claim. The court shall not accept the defendant's admission of a claim if such admission is in contradiction of the law or violates the rights or lawful interests of other persons.

By virtue of Article 173 (3) of the Civil Procedure Code, if the defendant admits the case and the court accepts it, a decision shall be handed down to satisfy the claims filed by the claimant.

Pursuant to Article 198 (4) of the Civil Procedure Code, if the defendant admits the claim, the court decision shall only set forth, in its statement of reasons, that the claim has been admitted and accepted by the court.

During the court hearing, the Attorney for V. N. Potanin [sic] as Cross-Defendant admitted the claims seeking child support for a minor child in the amount of ¼ of his earnings and/or other income and the authority to admit the claim is set forth in notarized Power of Attorney 77 AA 9548370 issued by Claimant O. V. Potanin [sic].

Thus, the court has found that the Defendant has admitted the claim and that the provisions of Article 173 of the Civil Procedure Code establishing the procedure for and the consequences of admitting a claim have been explained and understood. Since the court has found no motive that would preclude it from accepting the admission of the claims in question, the court accepts the admission of the claim by the Defendant.

In view of the foregoing, the court finds that the claims seeking child support for Vasiliy Vladimirovich Potanin in the amount of one quarter (¼) of the [parents'] earnings and/or other income, on a monthly basis, starting from February 25, 2014 and ending upon the child's coming of age, are reasonable and should be satisfied.

*2*

Pursuant to Article 333.36 (1) (2) of the Russian Federation Tax Code, when filing a claim seeking child support, the claimant shall be exempted from state duty and, accordingly, by virtue of Article 103 (1) of the Civil Procedure Code, the Defendant shall pay a state duty in the amount of 100 rubles to the Moscow city budget.

In view of the foregoing and pursuant to Articles 194–199 of the Civil Procedure Code, the Magistrates' Court has

### DECIDED:

That the claim filed by Vladimir Olegovich Potanin against Nataliya Nikolayevna Potanina (known as Varlamova before her marriage) seeking to dissolve their marriage shall be satisfied.

That the marriage registered on March 15, 1983 between Vladimir Olegovich Potanin, born on January 3, 1961 in the city of Moscow, and Nataliya Nikolayevna Potanina, born on April 8, 1961 in the city of Moscow, at Palace of Marriages No. 3 of the Moscow Civil Registry Administration, Record No. 1332, shall be dissolved.

The marriage shall be dissolved as of the effective date of this Decision.

Dissolution of marriage by judicial process shall be subject to state registration in the manner established for state registration of acts of civil status.

The counterclaim filed by Nataliya Nikolayevna Potanina against Vladimir Olegovich Potanin seeking child support for a minor child shall be satisfied.

Child support for Vasiliy Vladimirovich Potanin, born on October 28, 1998 in the city of Moscow, shall be paid by Vladimir Olegovich Potanin, born on January 3, 1961 in the city of Moscow and registered at 3 Skatertniy pereulok, Apt. 7, Moscow, for the benefit of Nataliya Nikolayevna Potanina, born on April 8, 1961 in the city of Moscow and registered at 3 Skatertniy pereulok, Apt. 7, Moscow, in the amount of one quarter (¼) of his earnings and/or other income, on a monthly basis, starting from February 25, 2014 and ending upon the child's coming of age.

Vladimir Olegovich Potanin shall pay a state duty in the amount of 100 rubles to the Moscow city budget.

This Decision shall have immediate effect where it pertains to the payment of child support.

This Decision may be appealed by the parties or any other persons participating in this case in the Presnenskiy District Court of the City of Moscow within one month of the date of the final Decision handed down by the Magistrate Judge.

| | | |
|---|---|---|
| Magistrate Judge | [signature] | S. N. Kopchak |

[seal:] [illegible]

[stamp:]
This is a true copy
Magistrate Judge: [signature]
Court Clerk: [signature]

[stamp:] Numbered, bound, and sealed: _Two (2)_ pages
Magistrate Judge: [signature]
Court Clerk: [signature]

[seal:] [illegible]

/

**РЕШЕНИЕ**
Именем Российской Федерации

25 февраля 2014 года                                                                                          г. Москва

Мировой судья судебного участка № 418 Пресненского района г. Москвы Копчак С.Н.,
при секретаре Русецкой Я.В.,
с участием адвоката истца Ивановой М.А.,
представителя ответчика Рябченко Ф.В.,
представителя ответчика Сапожникова Н.И.,
рассмотрев в закрытом судебном заседании гражданское дело № 2-02/2014 по иску Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, и встречному иску Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка,

**УСТАНОВИЛ:**

Потанин В.О. обратился в суд с иском к Потаниной Н.Н. о расторжении брака, мотивируя свои требования тем, что 15 марта 1983 года вступил в брак с ответчицей, от данного брака имеется несовершеннолетний ребенок – сын Потанин Василий Владимирович, 1998 года рождения. Брачные отношения с Потаниной Н.Н. прекращены, совместное хозяйство не ведется, стороны проживают раздельно, дальнейшая совместная жизнь и сохранение семьи невозможны.

Потанина Н.Н. предъявила к Потанину В.О. встречный иск о взыскании алиментов на несовершеннолетнего ребенка – Потанина Василия Владимировича, 28.10.1998 года рождения в размере ¼ заработка или иного дохода.

В судебное заседание стороны не явились, направили в суд своих представителей.

В судебном заседании адвокат истца Иванова М.А. исковые требования своего доверителя поддержала в полном объеме, просила суд их удовлетворить, встречный иск признала.

В судебном заседании представители ответчика Сапожников Н.И., Рябченко Ф.В. исковые требования по первоначальному иску не признали, просили в удовлетворении отказать, встречный иск поддержали в полном объеме.

Суд, выслушав участников процесса, изучив материалы дела, считает исковые требования подлежащими удовлетворению по следующим основаниям.

В соответствии с ч.3 ст. 1 Семейного кодекса Российской Федерации (далее – СК РФ) - регулирование семейных отношений осуществляется в соответствии с принципами добровольности брачного союза мужчины и женщины.

В соответствии с ч.1 ст. 21 СК РФ – расторжение брака производится в судебном порядке при наличии у супругов общих несовершеннолетних детей.

Как усматривается из материалов дела и установлено в судебном заседании, стороны зарегистрировали брак 15 марта 1983 года во Дворце бракосочетания № 3 Управления ЗАГС Москвы, о чем сделана актовая запись № 1332. От брака стороны имеют троих детей, один из которых несовершеннолетний – Потанин Василий Владимирович, 28.10.1998 года рождения.

Как пояснила в судебном заседании адвокат истца по первоначальному иску Иванова М.А., в настоящее время семья фактически распалась, стороны утратили чувства любви и уважения друг к другу, совместно не проживают с января 2007 года, истец проживает по адресу: Московская область, Истринский район, д. Аносино, ответчик проживает по адресу: Московская область, Одинцовский район, дер. Немчиново, ул. Осенняя, общее хозяйство не ведется, супружеские отношения не поддерживаются, встречные исковые требования Потаниной Н.Н. о взыскании алиментов на несовершеннолетнего ребенка признала.

Представители ответчика по первоначальному иску Сапожников Н.И., Рябченко Ф.В. против удовлетворения исковых требований Потанина В.О. возражали, пояснили, что сохранение семьи возможно, поскольку стороны проживают в зарегистрированном браке более 30 лет, совместно с детьми проводят вместе отдых, Потанин В.О. оплачивает лечение супруги.

Встречные исковые требования о взыскании алиментов на несовершеннолетнего ребенка поддержали, просили суд их удовлетворить.

В соответствии со ст. 22 СК РФ – расторжение брака в судебном порядке производится, если судом установлено, что дальнейшая совместная жизнь супругов и сохранение семьи невозможны.

При рассмотрении дела о расторжении брака при отсутствии согласия одного из супругов на расторжение брака суд вправе принять меры к примирению супругов и вправе отложить разбирательство дела, назначив супругам срок для примирения в пределах трех месяцев.

Расторжение брака производится, если меры по примирению супругов оказались безрезультатными и супруги (один из них) настаивают на расторжении брака.

В судебном заседании установлено и подтверждается материалами дела, что между сторонами брачно-семейные отношения фактически прекращены с января 2007 года, о чем свидетельствуют представленные в судебном заседании договоры аренды жилого помещения, в настоящее время истцом Потаниным В.О. в Пресненский районный суд г. Москвы подано исковое заявление к Потаниной Н.Н. о разделе совместно нажитого имущества,

В течение предоставленного на основании определения мирового судьи судебного участка № 418 Пресненского района г. Москвы от 25 декабря 2013 года по ходатайству представителя ответчика Сапожникова Н.И. двухмесячного срок для примирения, стороны не примирились.

Как разъяснил в своем Постановлении Пленум Верховного Суда Российской Федерации от 5 ноября 1998 г. № 15 «О применении судами законодательства при рассмотрении дел о расторжении брака» - если после истечения назначенного судом срока примирение супругов не состоялось и хотя бы один из них настаивает на прекращении брака, суд расторгает брак.

Данные обстоятельства свидетельствуют о том, что брак фактически распался, причины побудившие истца настаивать на расторжении брака, являются обоснованными, дальнейшая совместная жизнь и сохранение семьи невозможно.

Так как проживание в браке должно быть свободным волеизъявлением каждого из супругов, что в данном случае отсутствует, иск подлежит удовлетворению, брак, заключенный между истцом и ответчиком подлежит расторжению.

Рассматривая требования истца Потаниной Н.Н. по встречному иску к Потанину В.О. о взыскании алиментов на несовершеннолетнего ребенка, суд приходит к следующему выводу.

Из материалов дела усматривается, что от брака у сторон имеется несовершеннолетний ребенок- Потанин Василий Владимирович, 1998 года рождения, который в настоящее время проживает с матерью- Потаниной Н.Н.

Обязанность родителей по содержанию несовершеннолетних детей установлена ст. 80 РФ. Размер алиментов, взыскиваемых в судебном порядке на содержание одного ребенка согласно ст. 81 СК РФ составляет ¼ заработка и (или) иного дохода родителей.

В соответствии со ст.39 Гражданско-процессуального кодекса Российской Федерации (далее- ГПК РФ) - ответчик вправе признать иск. Суд не принимает признание иска ответчиком, если это противоречит закону или нарушает права и законные интересы других лиц.

В силу ч.3 ст.173 ГПК РФ - при признании иска ответчиком и принятии его судом принимается решение об удовлетворении заявленных истцом требований.

Согласно ч.4 ст.198 ГПК РФ в случае признания иска ответчиком в мотивировочной части решения суда указывается только на признание иска и принятие его судом.

В судебном заседании адвокат Потанина В.Н. – ответчика по встречному иску, исковые требования о взыскании алиментов на несовершеннолетнего ребенка в размере ¼ заработка и (или) иного дохода признала, право на признание иска предусмотрено в нотариально удостоверенной доверенности 77 АА 9548370, выданной истцом Потаниным О.В.

Таким образом, судом установлено, что ответчик иск признал, положения ст. 173 ГПК РФ, предусматривающие порядок и последствия признания иска, разъяснены и понятны. Поскольку оснований, по которым принятие признания исковых требований не допускается, судом не установлено, суд принимает признание иска ответчиком.

С учетом изложенного, суд находит исковые требования о взыскания алиментов на содержание Потанина Василия Владимировича в размере ¼ (одной четверти) заработка и (или) иного дохода, ежемесячно, начиная с 25 февраля 2014 года и до совершеннолетия ребенка, обоснованными и подлежащими удовлетворению.

В соответствии с п.п.2 п.1 ст.333.36 НК РФ истец при подаче иска о взыскании алиментов освобожден от уплаты государственной пошлины, в связи с чем, в силу ч.1 ст. 103 ГПК РФ, взысканию с ответчика в доход бюджета города Москвы подлежит государственная пошлина в размере 100 рублей.

На основании изложенного, и руководствуясь ст.ст. 194-199 ГПК РФ, мировой суд

РЕШИЛ:

Исковое заявление Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, удовлетворить.

Брак, зарегистрированный во Дворце бракосочетания № 3 Управления ЗАГС Москвы 15 марта 1983 года, актовая запись 1332, между Потаниным Владимиром Олеговичем, 03 января 1961 года рождения, уроженцем г. Москва, и Потаниной Наталией Николаевной, 08 апреля 1961 года рождения, уроженкой г. Москва, - расторгнуть.

Брак прекращается со дня вступления решения в законную силу.

Расторжение брака в суде подлежит государственной регистрации в порядке, установленном для государственной регистрации актов гражданского состояния.

Встречное исковое заявление Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка, удовлетворить.

Взыскивать с Потанина Владимира Олеговича, 03 января 1961 года рождения, уроженца г. Москва, зарегистрированного по адресу: г. Москва, Скатертный пер., д.3, кв.7 в пользу Потаниной Наталии Николаевны, 08 апреля 1961 года рождения, уроженки г. Москва, зарегистрированной по адресу: г. Москва, Скатертный пер., д.3, кв.7 алименты на содержание ребенка – Потанина Василия Владимировича, 28 октября 1998 года рождения, уроженца г. Москва в размере 1/4 (одной четверти) заработка и (или) иного дохода, ежемесячно, начиная с 25 февраля 2014 года и до совершеннолетия ребенка.

Взыскать с Потанина Владимира Олеговича в доход бюджета города Москвы государственную пошлину в размере 100 руб.

Решение в части взыскания алиментов подлежит немедленному исполнению.

Решение может быть обжаловано сторонами и другими лицами, участвующими в деле, в апелляционном порядке в Пресненский районный суд г. Москвы в течение месяца со дня принятия мировым судьей решения в окончательной форме.

Мировой судья                                                                                                    Копчак С.Н.

ПРОНУМЕРОВАНО, ПРОШИТО И СКРЕПЛЕНО ПЕЧАТЬЮ
_два_
ЛИСТА(ОВ).
МИРОВОЙ СУДЬЯ
СЕКРЕТАРЬ